IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BILLY JOE WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:05-0777 |
| | ) | JUDGE TRAUGER/KNOWLES |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon: (1) Defendant's "Motion to Dismiss" for failure to state a claim upon which relief can be granted, filed pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 15); and (2) a document referred to by the Clerk and by Defendant as a "Motion to Amend" filed by Plaintiff. Docket No. 20. These matters have been referred to the undersigned for disposition. Docket Nos. 21, 28.

The Motion to Dismiss and supporting Memorandum (Docket No. 16) seek a dismissal of the three claims raised in Plaintiff's Complaint: (1) defamation, (2) intentional infliction of emotional distress, and (3) outrageous conduct.

The factual allegations of the Complaint are essentially that Plaintiff was an employee of Defendant for approximately five years. On July 7, 2005, Plaintiff was told by his supervisor/manager that he was being terminated. The Complaint further states as follows:

> 8. During the meeting wherein Plaintiff's termination was announced, [Plaintiff's supervisor/manager] told Plaintiff that he was "Gay" or homosexual and that was the prime reason for his

> termination. This statement was made in front of three managers
> who were going through training at that time with the Defendant.
>
> 8. [sic] Plaintiff is not Gay nor does he live that particular lifestyle.
>
> 9. This announcement by [Plaintiff's supervisor/manager] was
> false and defamatory. The above-described defamatory statements
> were willful, wanton and made in reckless disregard of the truth or
> falsity of said statement.

Docket No. 1, second unnumbered page.

It should be noted that, when Plaintiff filed his Complaint, he was represented by counsel. Prior to the filing of the instant Motion to Dismiss, however, Plaintiff's counsel was allowed to withdraw. Docket No. 14.

Shortly after the instant Motion to Dismiss was filed, Judge Trauger entered an Order advising Plaintiff that his Response to the Motion to Dismiss was due March 24, 2006. Docket No. 17. That Order further warned Plaintiff that his failure to timely respond to the Motion could result in the dismissal of his case.

On March 24, 2006, the date the Response was due, Plaintiff submitted a letter to Judge Trauger, essentially seeking an extension of time either to find a new attorney or to respond to the Motion pro se. Docket No. 18. Judge Trauger subsequently granted Plaintiff an extension to April 24, 2006, "within which to file a Response to the pending Motion to Dismiss. . . ." Docket No. 19. Again, Judge Trauger warned Plaintiff that his failure to respond to the Motion in a timely fashion, or to timely seek an additional extension, "could result in the dismissal of [Plaintiff's] case." *Id*.

Plaintiff subsequently sent an undated letter to Judge Trauger, that was filed by the Clerk on April 18, 2006. Docket No. 20. That letter states in part, "I am Filing for

Discrimination/Wrongful Termination And I want to Add this to my Existing Claimed [*sic*]." Attached to the letter is approximately fifty pages of typewritten notes, apparently written by Plaintiff, concerning his view of many events that occurred during his employment with Defendant. Additionally, the documents contain what appear to be two undated letters to Plaintiff from Plaintiff (Docket No. 20-1, p. 2-4), and another undated letter to Judge Trauger, which essentially states that Plaintiff is claiming discrimination because of "race/color," "retaliation," "intimidated [*sic*]." *Id*., p. 6-8. That letter also states that Plaintiff would like to add "discrimination and wrongful termination" to his "Claim on File for: DEFAMATION OF CHARACTER." *Id*., p. 6.

Plaintiff's August 18 filing was docketed by the Clerk as a "Motion to Amend/Correct Complaint." Docket No. 20.

Defendant subsequently filed a Response to Plaintiff's August 18 filing, which Defendant also characterized as Plaintiff's "Motion to Amend the Complaint." While Defendant argued that the "Motion to Amend" should be denied, Defendant cited no authority for the proposition that the Motion should be denied. Instead, Defendant's main argument was that Plaintiff should be required to provide a more definite statement.

As discussed above, Judge Trauger warned Plaintiff on two separate occasions that his case could be dismissed if he did not respond to the pending Motion to Dismiss. Docket Nos. 18, 19. Despite these warnings, however, Plaintiff failed to respond to the Motion to Dismiss. For this reason alone, the Court should dismiss Plaintiff's original Complaint pursuant to Fed. R. Civ. P. 37(d) for Plaintiff's failure to comply with Court Orders and/or Fed. R. Civ. P. 42(b), for failure of Plaintiff to prosecute this action and failure of Plaintiff to comply with Court Orders.

*See Knoll v. AT&T*, 176 F.3d 359 (6th Cir. 1999); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.,* 842 F.2d 150 (6th Cir. 1988).

Moreover, Defendant's Motion to Dismiss should be granted on the merits. As Defendant correctly argued in its supporting Memorandum, Plaintiff's original Complaint fails to state a claim upon which relief can be granted. With regard to the defamation claim, Defendant correctly argued that Plaintiff has not alleged the necessary element of publication. *See Sullivan v. Baptist Memorial Hospital*, 995 S.W.2d 569, 571 (Tenn. 1999). While Plaintiff averred that the allegedly defamatory statement "was made in front of three managers who were going through training at that time with the Defendant," Tennessee courts have held that "intra-corporate communications" do not constitute publication. *Woods v. Helmi*, 758 S.W.2d 219, 223 (Tenn. Ct. App. 1998).

Additionally, Defendant's Memorandum correctly argued that Plaintiff's Complaint fails to state a claim with regard to outrageous conduct or intentional infliction of emotional distress.[1] In order to establish a prima facie case for intentional infliction of emotional distress, a plaintiff must show that: (1) the conduct complained of was intentional or reckless; (2) the conduct was so outrageous that it is not tolerated by civilized society; and (3) the conduct complained of resulted in serious mental injury. *Doe v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 23 (Tenn. 2005). Tennessee courts have defined "outrageous conduct" as conduct "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as intolerable in a civilized community . . . the recitation of the facts [of the conduct]

---

[1] The Tennessee Supreme Court has recently noted that the tort of intentional infliction of emotional distress is "also known as the tort of outrageous conduct." *Doe v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 23 (Tenn. 2005).

4

to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Leach v. Taylor,* 124 S.W.3d 87, 92 (Tenn. 2004) (citation omitted). The alleged statement made by Defendant's manager, in the presence of three other employees of Defendant, that the prime reason for Plaintiff's termination was that he was "gay," does not constitute outrageous conduct as a matter of law. *Carraway v. Cracker Barrel Old Country Store, Inc.,* 2003 U.S. Dist. LEXIS 12326 (D. Kan.), *42-43; *Ernesto v. Rubin*, 1999 U.S. Dist. LEXIS 21501 (D. N.J.), *47-48; *Logan v. Sears Roebuck & Co.*, 466 So. 2d. 121 (Ala. 1985). Thus, Plaintiff's Complaint fails to state a claim for intentional infliction of emotional distress (or outrageous conduct).

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss the claims raised in Plaintiff's Complaint (Docket No. 15) be GRANTED.

Turning to the "Motion to Amend," the Clerk docketed Plaintiff's August 18 filing as a "Motion to Amend." While Defendant has also characterized that filing as a "Motion to Amend," that filing is not, in fact, a "Motion to Amend." Pursuant to Fed. R. Civ. P. 15(a), Plaintiff had the right to amend his Complaint once as a matter of course "at any time before a responsive pleading [was] served . . . ." A Motion to Dismiss is not a "responsive pleading" within the meaning of Fed. R. Civ. P. 15(a). *Youn v. Track, Inc.,* 324 F.3d 409, 415 n.6 (6th Cir. 2003). Defendant did not file a "responsive pleading" to Plaintiff's original Complaint.

Therefore, Plaintiff's August 18 filing was an Amended Complaint, not a Motion to Amend. Thus, Plaintiff has already amended his Complaint to add the allegations contained in his August 18 filing.

As discussed above, Defendant filed a Response arguing that Plaintiff should not be

5

permitted to amend his Complaint or, in the alternative, that Plaintiff be required to file a more definite statement. Apparently in reply to that Response, Plaintiff subsequently submitted a letter dated May 8, 2006, to Judge Trauger. Docket No. 23. That letter contains a "brief description of my COMPLAINT."

The Clerk therefore should be directed to terminate Docket No. 20 as a "Motion to Amend," and to docket this filing as an "Amended Complaint."

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

								_____
								E. Clifton Knowles
								United States Magistrate Judge