IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BILLY JOE WARD, | ) | |
| Plaintiff, | ) ) ) ) | |
| vs. | ) ) | CASE NO. 3:05-0777 JUDGE TRAUGER/KNOWLES |
| WAL-MART STORES, INC., | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se Plaintiff's letter to Judge Trauger, dated February 7, 2007 (Docket No. 63), which the Court will treat as a Motion to Amend. The letter states in part, "I would like to File A Motion to Amend my Complaint . . . ." Plaintiff wishes to Amend his Complaint in regards to "Racial Threat." Plaintiff states that Assistant Managers Billy Dean and Steve Howell both made racial threats to him about the Klu Klux Klan, stating, "we will Burn a Cross Down in your Yard – Better Behaved [*sic*]!" He states, "This started approx. '2003-2005.'" He further states that he reported this to Doug Shepard (who has previously been identified as the manager of the store where Plaintiff worked), but that "this still did not stop."

Plaintiff, who was represented by counsel at the time, filed this action on September 30, 2005, almost a year and a half ago. Within several months of the filing of the Complaint, Plaintiff's attorney moved to withdraw (Docket No. 10), and that Motion was granted (Docket No. 14). Since the withdrawal of his attorney, Plaintiff has been acting pro se.

Judge Trauger entered the Initial Case Management Order on January 17, 2006. Docket No. 12. That Order provided in pertinent part as follows:

> The deadline for the parties to amend the pleadings will be February 17, 2006. Amendment shall be done in sufficient time to permit discovery before the deadline to complete all discovery.

Docket No. 12, p. 3.

Plaintiff subsequently submitted a letter that the Court construed as an Amended Complaint. Docket No. 20. Thereafter, the undersigned entered an Order extending the discovery cut-off deadline to December 15, 2006, and extending the dispositive Motion deadline to December 20, 2006. Docket No. 32. That Order, however, specifically provided, "To the extent not inconsistent with the above schedule, the provisions of the Initial Case Management Order (Docket No. 12) remain in full force and effect." *Id.*, p. 2.

On December 20, 2006, Defendant filed a Motion for Summary Judgment with supporting materials. Docket Nos. 56-59. Plaintiff has not responded to that Motion.

Now, approximately a month before the trial is scheduled to begin, Plaintiff has submitted the instant Motion to Amend. This Motion was filed almost a full year after the deadline for amendments set forth in the Initial Case Management Order, and almost a month and a half after the revised discovery deadline.

Fed. R. Civ. P. 16(b) provides in pertinent part, "A schedule [in a Scheduling Order] shall not be modified except upon a showing of good cause . . . ." Plaintiff has not shown any cause, much less good cause, for modifying the Initial Case Management Order to allow the late amendment of his Complaint.

Fed. R. Civ. P. 15(a) generally provides for the liberal amendment of complaints. The

2

Supreme Court, however, has noted the following factors that are grounds for denying an amendment: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of the allowance of the amendment, and (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the case at bar, Plaintiff has unduly delayed his attempt to amend his Complaint. The Motion comes approximately one month before trial, and more than a month after Defendant filed its Motion for Summary Judgment. Plaintiff has previously been allowed to amend his Complaint (Docket No. 20), yet, for whatever reason, he chose not to assert in that Amended Complaint the claims he now seeks to raise. Defendant would be unduly prejudiced by the amendment of the Complaint because, as discussed above, Defendant has already filed a Motion for Summary Judgment. *See Leary v. Daeschner*, 349 F.3d 888, 908 (6th Cir. 1003) (denying a Motion for Leave to Amend that was filed after Defendant had filed his Summary Judgment Motion). The *Leary* Court noted that the plaintiffs had been aware of the underlying facts that formed the basis of the Motion to Amend "for many months." *Id.* In the case at bar, Plaintiff asserts that the racial threats "started approx. '2003-2005.'" Docket No. 63, p. 1. Thus, Plaintiff has known of these facts for a lengthy period of time, and offers no reason as to why he failed to assert them previously.

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion to Amend (Docket No. 63) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this

Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

E. Clifton Knowles
United States Magistrate Judge