IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BILLY JOE WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 3:05-0777 |
| v. ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

#### I. Introduction and Background

This matter is before the Court upon Defendant's Motion for Summary Judgment. Docket Entry No. 56. Along with that Motion, Defendant has submitted a supporting Memorandum of Law with Exhibits (Docket Entry No. 57), a Statement of Undisputed Material Facts (Docket Entry No. 59), excerpts of the Deposition of Billy Joe Ward ("Plaintiff's Dep.") with Exhibits (Docket Entry No. 58-2), and the Declaration of Doug Shepherd ("Shepherd Decl.") with Exhibits (Docket Entry No. 58-1).

Plaintiff has not responded to Defendant's Motion or Statement of Undisputed Material Facts.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 2000e, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging discrimination and retaliation in the

1

termination of his employment with Defendant.[1]  *See* Docket Entry Nos. 1, 20.

Plaintiff's original Complaint avers that his employment was terminated by Store Manager Doug Shepherd because of Mr. Shepherd's erroneous belief that Plaintiff was homosexual.[2]  Docket Entry No. 1.

On April 18, 2006, Plaintiff filed an Amended Complaint.  Docket Entry No. 20.  Plaintiff's Amended Complaint sets forth his claims for discrimination and wrongful termination.  *Id.*  Specifically, Plaintiff avers that two assistant managers made offensive and harassing remarks to him, made fun of him, and laughed at him; that the Cosmetics Department Manager would stare at him; that a cart associate would call his name in a manner that made him uncomfortable; that he was not given his breaks on time and was prohibited from taking his breaks outside; and that he was told to collect carts in the heat and humidity despite a doctor's statement that he could not do so.  *Id.*  Plaintiff avers that he reported the conduct described above to the store manager, who "has been really hard on me since then."  *Id.*  Plaintiff complains that all of the persons he alleges engaged in the "harassing" and "discriminatory" conduct were white, and that none of them were terminated for their alleged behavior, but that he was terminated for doing "the same or similar thing."  *Id.*

Defendant filed an Answer denying liability on November 6, 2006.  Docket Entry No. 31.

Defendant filed the instant Motion for Summary Judgment and accompanying submissions on December 20, 2006.  Docket Entry Nos. 56-59.  Defendant argues that Plaintiff cannot establish

---

[1]Although Plaintiff does not specifically articulate that he brings suit pursuant to Title VII, his Amended Complaint's avers, "I have been Discriminated against in regard to: Race/Color, Retaliation, and Intimidated [*sic*]."  Docket Entry No. 20.  Because Plaintiff is proceeding pro se, the undersigned will construe Plaintiff's Amended Complaint to allege violations of his rights under Title VII.

[2]Plaintiff's original Complaint does not aver that his termination was based upon race, nor does it aver that his discrimination was retaliatory.

2

his prima facie claim of discrimination because he cannot establish that he was either replaced by someone outside his protected class or treated less favorably than similarly situated workers outside of his protected class. Docket Entry No. 57. Specifically, Defendant argues that Plaintiff cannot identify any comparable associates who were similarly situated to him in all relevant aspects, whose circumstances were nearly identical, and who were treated more favorably than he. *Id.* With regard to Plaintiff's claim of retaliatory discharge, Defendant argues that Plaintiff cannot establish the requisite causal nexus between his complaints of harassment and his termination. *Id.* Defendant also maintains that Plaintiff cannot demonstrate that Defendant's legitimate non-discriminatory reason for terminating him was pretextual. *Id.*

Although Plaintiff does not specifically aver in his Amended Complaint that he was subject to a hostile work environment in violation of his rights under Title VII, Defendant argues that, should the Court interpret Plaintiff's Amended Complaint to raise such a claim, Plaintiff would be unable to establish his prima facie case because, (1) he cannot demonstrate that any of the acts complained of were "based on" his protected status, and (2) the incidents of which he complained were not "sufficiently severe or pervasive to alter the conditions of his employment." Docket Entry No. 57. *See Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993).

For the reasons set forth below, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

## II. Undisputed Facts[3]

Defendant employed Plaintiff primarily as a cashier at its Lebanon, Tennessee,

---

[3]Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

"Supercenter."[4]  Plaintiff's Dep., pp. 29-30.

Defendant has a policy that prohibits sexual harassment and inappropriate conduct. Plaintiff's Dep., pp. 38-39, Ex. 4.  Defendant informs all associates via Computer Based Learning modules and the Associate Handbook that they are subject to termination if they violate the "harassment / inappropriate conduct" policy.  *Id.*  Plaintiff signed an acknowledgment on May 4, 2001, indicating that he understood Defendant's policy.  *Id.*, Ex. 3.

Plaintiff understood that making sexual remarks in front of other associates and discussing his personal relationships with other men or women in front of customers and associates was a violation of Defendant's "Harassment / Inappropriate Conduct" policy.  Plaintiff's Dep., pp. 68-69.

On July 4, 2005, Store Manager Doug Shepherd learned from Assistant Manager Jennifer Babcock that associates and a customer had complained that Plaintiff had made sexually inappropriate comments.  Shepherd Decl., ¶ 3.  Mr. Shepherd interviewed and obtained written statements from the complaining associates.  *Id.*, ¶ 4.

Cashier Marcie Riley informed Mr. Shepherd, both orally and in writing, that a customer had complained to her that Plaintiff was "having a conversation about being gay [and] that he was taking about his personal relationships with someone."  Shepherd Decl., ¶ 5, Ex. 1.

Associate Thomas Tarpley complained that Plaintiff had made what he considered to be an inappropriate comment.  Shepherd Decl, ¶6.  Mr. Tarpley explained in his written statement that Plaintiff had commented, "when it rained last week I enjoyed seeing you get wet."  *Id.,* Ex. 2.  Mr. Tarpley noted, "It was weird."  *Id.*

Customer Service Manager Tracey Carruthers reported that Mr. Tarpley had complained to

---

[4]Plaintiff would also "push buggies," "stock," and "go help out other places when needed."  Plaintiff's Dep, p. 29.

her that Plaintiff had made a comment to him that had made him uncomfortable. Shepherd Decl, ¶ 7, Ex. 3. Ms. Carruthers also reported that she had witnessed Plaintiff "sitting outside watching [the] cart associates [*sic*] every move." *Id.*

Mr. Shepherd interviewed Plaintiff; Plaintiff's written statement confirmed that he made a comment about enjoying seeing Mr. Tarpley get wet. Shepherd Decl., ¶ 8, Ex. 4.

After speaking with Ms. Riley, Ms. Carruthers, and Mr. Tarpley, and after obtaining their written statements, Mr. Shepherd determined that Plaintiff's conduct had violated Defendant's policies regarding respect for the individual and prohibiting harassment and inappropriate conduct. Shepherd Decl., ¶ 10. Mr. Shepherd determined that the results of his investigation justified Plaintiff's discharge; accordingly, Mr. Shepherd terminated Plaintiff for "Gross Misconduct." *Id.*, ¶ 10, Ex. 5.

Mr. Shepherd has terminated other associates after determining that they had violated Defendant's policy prohibiting harassment and inappropriate conduct, including men, women, white associates, black associates, and associates under forty years of age. Shepherd Decl., ¶ 11. Mr. Shepherd has not permitted other associates to engage in such conduct and remain employed. *Id.*

Plaintiff cannot identify any other associate who had as many reports of sexual harassment against him who retained his employment. Plaintiff's Dep., pp. 86-87.

Plaintiff does not have any evidence of pretext other than his belief that Ms. Riley, Ms. Carruthers, and Mr. Tarpley fabricated their reports as part of a conspiracy to have him terminated. Plaintiff's Dep., pp. 59-60, 64-65. Plaintiff believes that Ms. Riley, Ms. Carruthers, and Mr. Tarpley "set him up," because they would not provide Plaintiff with the name of the customer who complained against him. *Id.*, pp. 58-59. Plaintiff acknowledged that Mr. Shepherd, who made the

5

termination decision and who terminated Plaintiff, had no knowledge of this "conspiracy" and Plaintiff does not attribute a discriminatory motive toward Mr. Shepherd. *Id.,* p. 60.

Plaintiff had previously been accused by customers of inappropriate conduct. Shepherd Decl., ¶ 9. In April 2005, a customer complained that Plaintiff had grabbed his rear end. *Id.* In 2004, a customer complained that Plaintiff had accused him of being infected with AIDS. *Id.* Additionally, one customer complained that Plaintiff had been "rude" and "hateful;" another customer complained that Plaintiff had accused her of stealing; and yet another customer complained that Plaintiff had called him a "chocolate cake." *Id.* Mr. Shepherd discussed these incidents with Plaintiff and informed him that Defendant did not tolerate "this type of behavior." *Id.*

### III. Analysis

#### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than ten (10) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty (20) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

As has been noted, Defendant filed the pending Motion on December 20, 2006. Docket Entry No. 56. Plaintiff has failed to respond to Defendant's Motion. Pursuant to Local Rule 7.01(b), Plaintiff's failure to file a timely response "indicate[s] that there is no opposition to the motion."

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

6

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has likewise failed to respond to Defendant's Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no disputed facts in the case at bar. Because this case presents no disputed facts, there is no genuine issue as to any material fact, and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

## B. Motion for Summary Judgment

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met its burdens

7

under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment

8

as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C. The Case at Bar**

Plaintiff avers that Defendant's termination of his employment was discriminatory and retaliatory. Docket Entry Nos. 1, 20.

Title VII of the Civil Rights Act of 1964 protects employees from discrimination on the basis of an individual's race, color, religion, sex, or national origin, and provides, in part:

> It shall be an unlawful employment practice for an employer–
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.

A prima facie claim of race or gender discrimination under Title VII requires a plaintiff to establish the following:

1. He or she is a member of a protected class;

2. He or she was qualified for the job and performed it satisfactorily;

3. Despite his or her qualifications and performance, he or she

suffered an adverse employment action;[5] and

4. He or she was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside the protected class.

*Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir. 2000). *See also Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000). (Footnote added.)

A plaintiff may establish a claim of discrimination under Title VII either by introducing direct evidence of discrimination, or by proving circumstantial evidence that would support an inference of discrimination. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000), *citing Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997). "The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

If the plaintiff lacks direct evidence of discrimination, the circumstantial evidence approach is used and the *McDonnell Douglas-Burdine* tripartite test is employed. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), as later clarified by *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The *McDonnell Douglas-Burdine* tripartite test requires the plaintiff to first establish a prima facie case of discrimination. *Id.* If the plaintiff is able to do so, a mandatory presumption of discrimination is created and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *Id.* If the defendant carries this burden, the plaintiff must then prove that the proffered reason was actually pretextual. *Id.* The plaintiff may

---

[5]An adverse employment action is one that causes a materially adverse change in a term of employment, such as significantly diminished responsibilities, termination, a demotion evidenced by a decrease in wage or salary, a less distinguished title, or a material loss of benefits. *See Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 885-86 (6th Cir. 1996).

10

establish pretext by showing that, 1) the stated reasons had no basis in fact; 2) the stated reasons were not the actual reasons; or 3) the stated reasons were insufficient to explain the defendant's action. *Id. See also, Cicero v. Borg-Warner Automotive, Inc.*, 280 F.3d 579, 589 (6th Cir. 2002). "A reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

With regard to Plaintiff's allegations that his termination was retaliatory, an employer may not retaliate against an employee because he has opposed an unlawful employment practice, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. 42 U.S.C. § 2000e-3(a). A prima facie case of retaliation requires a plaintiff to demonstrate that:

> 1. He or she engaged in a protected activity;
>
> 2. Defendant knew that Plaintiff was exercising protected rights;
>
> 3. Plaintiff suffered an adverse employment action or was subjected to severe or pervasive retaliatory harassment by a supervisor; and
>
> 4. There was a causal connection between the protected activity and the adverse employment action or harassment.

*Little v. BP Exploration and Oil Co.,* 265 F.3d 357, 363 (6th Cir. 2001); *Morris v. Oldham Co. Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000).

Retaliation claims are evaluated under the *McDonnell Douglas-Burdine* tripartite test discussed above. *EEOC v. Avery Dennison Corp.,* 104 F.3d 858, 862 (6th Cir. 1997).

11

Although Plaintiff asserts that Defendant's termination of his employment was discriminatory and retaliatory, he has failed to adduce *any* affirmative evidence, in a form required by Fed. R. Civ. P. 56, to support those allegations. As discussed above, Plaintiff has not responded to the instant Motion and Plaintiff has not submitted *any* evidence in a form required by Fed. R. Civ. P. 56 to support his claims. Plaintiff bears the burden of demonstrating that there is a genuine issue for trial. Plaintiff has failed to do so. Because Plaintiff has offered no evidence whatsoever concerning his claims of discrimination or retaliation, he has failed establish his prima facie claims.[6] Accordingly, Defendant is entitled to a judgment as a matter of law.

Even if Plaintiff could establish his prima facie case of discrimination or retaliation, Plaintiff cannot demonstrate that Defendant's articulated legitimate non-discriminatory reason for terminating Plaintiff, namely Defendant's "reasonable good-faith belief, based upon substantial evidence, that [Plaintiff] violated [Defendant's] Harassment / Inappropriate Conduct policy," was pretextual. As discussed above, Plaintiff admitted to making inappropriate comments. Plaintiff further acknowledged that Mr. Shepherd had no knowledge of the alleged "conspiracy" between Ms. Riley,

---

[6] As has been noted, Plaintiff's Amended Complaint contains allegations of conduct from which it could be interpreted that Plaintiff attempts to argue that he was subjected to a hostile work environment. In order to show a hostile work environment, Plaintiff would have to show that Defendant's conduct was "sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive working environment." *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67 (1986). In analyzing this latter issue, courts should consider "the frequency or the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys.,* 510 U.S. 17, 23 (1993).
   Plaintiff has likewise failed to adduce *any* evidence in a form required by Fed. R. Civ. P. 56 to support his claims, and the allegations of Plaintiff's Amended Complaint do not establish a hostile work environment as a matter of law. Thus, to the extent that Plaintiff intended for these allegations to state separate claims of discrimination, Defendant is entitled to a judgment as a matter of law concerning them.

12

Ms. Carruthers, and Mr. Tarpley, and that Mr. Shepherd acted without a discriminatory motive.

Under these circumstances, and on the basis of the undisputed facts in this case that are in a form required by Fed. R. Civ. P. 56, the undersigned concludes that no rational fact finder could conclude that Plaintiff's termination was discriminatory or retaliatory. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 148 (2000) ("an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision....").

### IV.  Conclusion

For the foregoing reasons, the undersigned concludes that there is no genuine issue as to any material fact, and that Defendant is entitled to a judgment as a matter of law. Therefore, the undersigned recommends that Defendant's Motion for Summary Judgment (Docket Entry No. 56) be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111, (1986).

_____
E. CLIFTON  KNOWLES
United States Magistrate Judge

13